UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
CHANDA ALSTON, et al.,                    :
:
    PLAINTIFFS                             :
:   Civ. Action No. 07-682 (RMU)
    v.                                             :
:
DISTRICT OF COLUMBIA, et al.,        :
:
    DEFENDANTS.                        :
_____

**DEFENDANT PHELPS' MOTION TO SET ASIDE DEFAULT JUDGMENT**

    Defendant Mary Lee Phelps, through counsel, respectfully requests that the default judgment entered herein August 7, 2007, be set aside pursuant to Fed. R. Civ. P. 55(c), because Ms. Phelps did not receive a copy of the Summons and Complaint. A Memorandum of Points and Authorities in Support of this Motion is attached hereto.

    Undersigned counsel telephoned Plaintiffs' counsel, Karen Alvarez, to obtain Plaintiffs' consent to the relief requested herein. However, at the time of the filing of this motion, no response to the request has been received.

                                          Respectfully submitted,

                                          LINDA SINGER
                                          Attorney General for the
                                            District of Columbia

                                          GEORGE C. VALENTINE
                                          Deputy Attorney General
                                          Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH (012914)
        Section Chief
        Equity Section Two

        */s/ Veronica A. Porter*_____
        VERONICA A. PORTER (412273)
        Assistant Attorney General
        Civil Litigation Division
        Equity Section Two
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6651 (phone)
        (202) 727-3625 (facsimile)
        veronica2.porter@dc.gov

**August 8, 2007**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
**CHANDA ALSTON, et al.,** :
:
    **PLAINTIFFS** :
:     **Civ. Action No. 07-682 (RMU)**
    vi. :
:
**DISTRICT OF COLUMBIA, et al.,** :
:
    **DEFENDANTS.** :
_____


**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT PHELPS' MOTION TO
SET ASIDE DEFAULT JUDGMENT**

**INTRODUCTION AND BACKGROUND**

On April 17, 2007, Plaintiffs filed a Complaint against the District of Columbia, Clifford Janey, in his official capacity as Superintendent of the District of Columbia Public Schools ("DCPS"), and eight others, who are being sued in their personal capacity. Plaintiffs filed a Motion for Leave to File In Forma Pauperis, which was granted on April 17, 2007.

On July 10, 2007 this Court granted Plaintiffs' motion for the clerk to issue summons, and ordered the officers of the Court to issue and serve all process.

On July 17, 2007, the United States Marshal Service filed a "Notice and Acknowledgement of Receipt of Summons and Complaint by Mail," indicating that Paula Perelman, Deborah Council, Breona Harrison, Arthur Fields and Mary Lee Phelps were served on July 12, 2007. The Summons and Complaints for these five Defendants were

sent to the DCPS Offices located at 825 North Capitol Street, N.E. "D. Bell" signed for and received the Summons and Complaints on behalf of the five Defendants.

Ms. Perelman, Ms. Council, Ms. Harrison and Mr. Fields are all full time DCPS employees, and they did receive their copies of the Summons and Complaint. Ms. Phelps, on the other hand, **is not** a full time DCPS employee. Ms. Phelps is actually a retired individual, who provides services to DCPS and to the Montgomery County Public School System on an **occasional basis**. Ms. Phelps **is not** in daily contact with DCPS.

Since Ms. Phelps is not a full time DCPS employee, does not work at 825 North Capitol Street, N.E. on a full time basis, and is not in daily contact with DCPS, she did not receive a copy of the Summons and Complaint. Indeed, Ms. Phelps was not even aware of the existence of this action until after the default judgment was entered against her. Ms. Phelps requests that the default judgment be set aside.

## ARGUMENT

While default judgments are generally disfavored by courts, the decision as to whether an entry of default should be vacated is committed to the sound discretion of the trial court, Flynn v. Pulaski Const. Co., Inc., 2006 WL 47304, 3 (D.D.C. 2006), citing Int'l Painters & Allied Trades & Indus. Pension Fund v. H.W. Ellis Painting Co., 288 F.Supp.2d 22, 25-26 (D.D.C. 2003). Fed. R. Civ. P. 55(c) provides that "for good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

Good cause exists in two circumstances: (1) where the court that issued the entry of default did not have personal jurisdiction over the defendant, and (2) upon a balancing of equities. Under the latter test, courts specifically weigh the following factors: (a)

4

whether the default was willful, (b) whether setting aside the default will prejudice the opposing party, and (c) whether the defendant has a meritorious defense to the lawsuit. See Jackson v. Beech, 636 F.2d 831, 836 (D.C.Cir. 1980).

> To set aside a default, courts have found that good cause *per se* exists when default was entered against a party for whom the issuing court did not have personal jurisdiction. See Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C. 1987) ("since service of process is the means by which a court asserts jurisdiction to adjudicate the rights of a party, it is uniformly held that a judgment is void where the requirements for effective service have not been satisfied."). Therefore, if service was improper, the default must be set aside. Id.; see also Marshall v. Labor & Indus., Wash., 89 F.Supp.2d 4, 11 (D.D.C. 2000) (holding that default is improper when service of process "has not been achieved as to any Defendant.").

Flynn v. Pulaski Const. Co., Inc., 2006 WL 47304, 3 (D.D.C. 2006).

In this case, the Court did not have personal jurisdiction over Ms. Phelps because she was improperly served. Ms. Phelps is not a full time employee of DCPS and does not work at 825 North Capitol Street, N.E. Accordingly, the default judgment against her should be set aside.

In the alternative, if the Court believes "D. Bell's" inadvertent acceptance of service on behalf of someone who is not a DCPS employee constitutes effective service, the default judgment should still be set aside because of the balance of equities. The default was not willful because Ms. Phelps was not even aware that this action had been filed against her. In addition, Plaintiffs will not be prejudiced if the judgment is set aside because this action is in its early stages. Indeed, most of the parties were not served until July 12, 2007 and answers to the Complaint have not been filed.

## **CONCLUSION**

Mary Lee Phelps did not receive a copy of the Summons and Complaint prior to the entry of the default judgment. Accordingly, for all of the above-stated reasons, Ms.

5

Phelps respectfully requests that the Court set aside the default judgment entered herein on August 7, 2007.

                                              Respectfully submitted,

                                              LINDA SINGER
                                              Attorney General for the
                                                 District of Columbia

                                              GEORGE C. VALENTINE
                                              Deputy Attorney General
                                              Civil Litigation Division

                                              */s/ Edward P. Taptich*_____
                                              EDWARD P. TAPTICH (012914)
                                              Section Chief
                                              Equity Section Two

                                              */s/ Veronica A. Porter*_____
                                              VERONICA A. PORTER (412273)
                                              Assistant Attorney General
                                              Civil Litigation Division
                                              Equity Section Two
                                              441 Fourth Street, N.W., Sixth Floor South
                                              Washington, D.C.  20001
                                              (202) 724-6651 (phone)
                                              (202) 727-3625 (facsimile)
                                              veronica2.porter@dc.gov

**August 8, 2007**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
**CHANDA ALSTON, et al.,**          :
                                    :
    **PLAINTIFFS**            :
                                    :     **Civ. Action No. 07-682 (RMU)**
    vii.                    :
                                    :
**DISTRICT OF COLUMBIA, et al.,**   :
                                    :
    **DEFENDANTS.**           :
_____

### **ORDER**

    Upon consideration of Defendant Phelps' Motion to Set Aside Default Judgment, filed August 8, 2007, and any opposition thereto, it is this _____ day of _____, 2007

    **ORDERED**, that Defendant Phelps' motion is GRANTED; it is further

    **ORDERED**, that the default judgment against Defendant Mary Lee Phelps is set aside

                                              _____

                                                **UNITED STATES DISTRICT JUDGE**