IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDA ALSTON, et al, ) | |
| ) | |
| Plaintiffs, ) | Civ. Action No.7-0682(RMU) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO MOTION OF DEFENDANTS JANEY, PERELMAN, COUNCIL AND FIELDS FOR AN EXTENSION OF TIME WITHIN WHICH TO ANSWER PLAINTIFFS' COMPLAINT**

Plaintiffs oppose the motion of Defendants Janey, Perelman, Council and Fields to enlarge, until September 21, 2007, the time within which each may Answer Plaintiffs' Complaint ("Motion")[1]. Defendants' Motion: (1) fails, under Rule 6(b)(2) of the Federal Rules of Civil Procedure, because it alleges no excusable neglect; and (2) both asserts Defendants' intention to defy this Court's process and states their intention to violate the rules of pleading set forth, <u>inter alia</u>, in Rules 8(b), 8 (c), 11(b)(3), and 12(a)(2), by filing a single, omnibus answer to Plaintiffs' Complaint pleadings on behalf of any and all Defendants who

---

[1] Plaintiffs will file a separate response to the motion of Defendants Smith and District of Columbia for leave to enlarge the time within which to answer Plaintiffs' Complaint.

1

may appear in this action.

Defendants do so without moving for the Court's approval of their proposed course of action and without citation to a single point of law or authority in support of that proposed course, in violation of Local Civil Rule 7.1 (a). As a consequence, it appears to Plaintiffs that Defendants' Motion is not made in good faith.

## FACTS

On July 12, 2007 each of Defendants Janey, Perelman, Council, and Fields was served the Summons and Complaint in this action. Docket Doc. No. 5. Each of these Defendants was required, pursuant to Rule 12(a) (1) (A) to Answer the Complaint by August 1, 2007. See July 18, 2007 ECF Docket entry of Return of Service to each of Defendants Janey, Perelman, Council and Fields. None of these Defendants filed his or her answer on or before August 1, 2007 and none has done so to date.

On August 3, 2007 Assistant Attorney General Veronica Porter entered her appearance on behalf of Defendants Janey, Perelman, Council, and Fields and filed a motion, purportedly pursuant to Fed. R. Civ. Proc. 6(b) (1), for an extension of time to answer Plaintiffs' Complaint. Defendants' counsel asserted, as the reason for Defendants' motion, her desire to avoid preparing and filing an Answer on behalf of each Defendant. Docket Doc. No. 12 at 1("Undersigned counsel would like to file **one** Answer on behalf of the above-named Defendants") (emphasis in original].

2

## ANALYSIS

### I. Defendants' Rule 6 (b)(1)Motion is Untimely

Defendants Janey, Perelman, Council, and Fields were served with a Summons and Complaint in this action on July 12, 2007. Docket Doc. No.5. Their Answers were due on August 1, 2007. July 18, 2007 ECF Docket Entry. A motion for an extension pursuant to Rule 6(b) (1) is available only where a defendant moves to enlarge "before the expiration of the period originally prescribed." Defendants' motion of August 3, 2007 was not a timely Rule 6(b) (1) motion.

### II. Defendants' Motion Fails to Allege Neglect under Rule 6(b) (2)

Rule 6(b)(2) permits a court to grant a motion to enlarge that is filed after the expiration of the original period prescribed "where the failure to act was the result of excusable neglect."

The Supreme Court has defined "neglect" as "to leave undone or unattended to especially through carelessness"; neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Pioneer Inv. Services v. Brunswick Associates, 507 US 380, 388 1993). The " excusable neglect" requirement of Rule 6(b)(2), the Pioneer Investment Services Court stated , is intended to permit courts, " where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." Id. at 389. (emphasis added).

3

Where "neglect" is shown, the issue becomes one of whether the neglect is "excusable." In determining whether neglect is excusable, courts consider (1) the danger of prejudice to the party opposing modification; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith . In re Vitamins Antitrust Class Action, 327 F.3d 1207, 1209 (D.C. Cir. 2003), citing Pioneer Inv. Services v. Brunswick Associates.

Nowhere in that Motion does Defendant Janey, Defendant Perelman, Defendant Council, or Defendant Fields allege the existence of any facts or circumstances that have prevented him or her from filing a timely answer to Plaintiffs' Complaint. See id at 1-2. Not one of Defendants Janey, Perelman, Council, or Fields asserts that mistake, carelessness or intervening circumstances beyond his or her control delayed his or her answering Plaintiffs' Complaint. See id.

As Defendants' Motion acknowledges, each of these Defendants was individually summoned to answer in this proceeding before this Court. See id at 1 & n.2. Aside from a single, bare reference to Rule 6(b)(1), id. at 4, not one of the Defendants cite any law or case-law in support of his or her request for enlargement of time within which to file the answer that each, individually, is required to make, pursuant to the Summons issued by this Court and received by each of these

4

Defendants.

Under these circumstances, where Defendants allege no neglect and seek to delay, for close to two months, their answers to Plaintiffs' Complaint, their Motion can not be granted. <u>Wild v. Alster</u>, 2005 WL 1458283 at * 2 (D.D.C. June 17, 2005)(even where delay is minor and no prejudice results, court can not grant R. 6(b)(2) motion where defendants provide no explanation for failure to timely reply).

### III.   Defendants Failure to Timely Answer Is Advertent, Intentional and Defiant

Rules 4(a) and 12(a)(1)(A) of the Federal Rules of Civil Procedure expressly require that <u>each</u> party defendant be individually served a Summons and Complaint and that <u>each</u> party defendant answer that complaint within 20 days of service. In what appears to be a blatant act of defiance of this Court's process, Defendants Janey, Perelman, Council, and Fields, through their counsel, effectively assert that they will not each answer or defend as each is required to do by Rule 4(a) and Rule 12(a)(1)(A). <u>Id</u>. at 1. (defendants propose, along with other defendants listed by counsel, possibly along with other defendants not listed by counsel and with others not yet served, to file a single joint Answer on or before Sept. 21, 2007, in lieu of complying with Rules).

Defendants' decision to delay their answers to Plaintiffs' Complaint constitutes intentional conduct as to which Rule 6(b) (2) relief is not appropriate. <u>Wilson v. Prudential Financial</u>, 218 FRD 1,4 (D.D.C. 2003)(decision by party and counsel to neither file response nor file

5

timely motion to enlarge renders Rule 6(b) enlargement unavailable).

**IV.   Defendants' Stated Intention to File Omnibus Answer Violates Rules of Pleading and Policy Underlying those Rules**

Rule 12(a) (1) explicitly mandates that "a defendant" serve "an answer." The purpose of Rule 12 (a) is to formulate the issues by means of denials and defenses addressed to the allegations constituting the claim for relief. Wright and Miller, 5B Fed. Practice and Procedure, Civil 3d § 1345 at 37, §1348 at 55.  Similarly, the general rules of pleading contained in Rule 8 require that each party state his denials, defenses, and factual allegations. See Rule 8(b) ("a party" shall state "the party's defenses", "a party" shall admit or deny or state that "a party" is without knowledge or information); Rule 8(c) ("a party" shall set forth affirmative defenses). All such pleadings, motions and other papers filed by or on behalf of a party are subject to the requirements of Rule 11 (b) which governs representations to the Court and is enforced by the sanctions mechanism provided in Rule 11(c).  Rule 11(b) deems each party, or his representative, to represent that the allegations, factual contentions and denials that the party has made in his pleadings are warranted by the evidence or have factual support.

**V.   Defendants' Motion Obscures Facts and Issues to Prejudice of Plaintiffs and Court**

Defendants' decision to file a single, omnibus answer to Plaintiffs'

6

Complaint violates the express requirements of these pleading rules, which are intended to facilitate the formulation of issues and the orderly administration of justice. The extent to which Defendants' proposed omnibus answer would subvert those goals is readily imaginable, in light of Defendants' Motion, which obscures both facts and issues, as demonstrated below.

Counsel for Defendants filed this Motion of behalf of seven Defendants. Id. at 1. Of those seven Defendants, it appears that two---the District of Columbia and Ruth Blake--- have not yet been served. A third of those Defendants, Judith Smith, was served, but her answer was not overdue as of the date on which Defendants filed their Motion.

The answers of four of the seven Defendants---Defendants Janey, Perelman, Council and Fields were overdue before the date on which their counsel filed their motion to enlarge. Defendants' Motion asserts that it is filed in accordance with Rule 6(b) (1), which was available as to certain of the Defendants on August 3, 2007, but was not available as to Defendants Janey, Perelman, Council and Fields. Defendants' Motion does not address that fact. See id at 1 (defendants move for an extension of time "from August 2007" to Sept. 21, 2007).

Although elsewhere in the Motion there is an indication that Defendants have examined, with some care, the ECF Docket, see id at 2 n. 3 (discussing Marshals' error in serving Summons on District of Columbia), Defendants' Motion does not allude to the ECF Docket entry

for July 18, 2007, which states that four of the Defendants were served on July 12, 2007 and further states that their answers were due by August 1, 2007. See id at 1-2.

Defendants' Motion contains four numbered paragraphs that ostensibly state the reasons for the seven Defendants' request for an enlargement of time. The Motion's numbered paragraphs make no distinction as to which defendant or sub-group of defendants each paragraph applies. See id at 1 (introducing the list by "the reasons for this request are as follows") and id at 2 (concluding the list with the statement that "based upon the foregoing, the above-named [seven] defendants respectfully request…."). Of the four numbered paragraphs only one, Paragraph 4, presents what might stand as grounds for a Rule 6(b) (1) motion for enlargement. It states:

> "Because of pending vacation schedules and present work loads for some of the Defendants, the undersigned needs addition [sic] time to prepare her answer."

Id. at 2. (emphasis added). Defendants' Motion leaves the Court and Plaintiffs to guess at which of the Defendants are the subject of Paragraph 4.

## CONCLUSION

The Motion of Defendants Janey, Perelman, Council and Fields for an enlargement of time within which to file their answers to Plaintiffs' Complaint does not comply with the requirements of Rule 6 (b)(1),(2). Defendants' joint or omnibus motion to enlarge obscures central facts

and issues, and states Defendants' intention to continuing doing so in their forthcoming pleadings, notwithstanding the contrary requirements of Rules 8, 11, and 12. Defendants' conduct prejudices Plaintiffs and interferes with the Court's ability to orderly administer justice, as well as to orderly administer its' calendar. For all of those reasons, Plaintiffs respectfully submit that Defendants' Motion should be denied.

.

                          Respectfully submitted,

                          Karen D. Alvarez
                          D.C. Bar No. 423186
                          1442 Foxhall Road, N.W.
                          Washington, D.C. 20007
                          (202) 333-8553
                          202-333-1546 (Fax)

Case 1:07-cv-00682-RMU	Document 20	Filed 08/08/2007	Page 10 of 10