IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDA ALSTON, et al, | ) |
| | ) |
| Plaintiffs, | ) Civ.Action No 7-CV-0682(RMU) |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, et al, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION TO MOTION OF DEFENDANT SMITH TO EXTEND TIME WITHIN WHICH TO ANSWER PLAINTIFFS' COMPLAINT**

Defendant Judith Smith has moved for enlargement of time, pursuant to Rule 6(b)(1). Plaintiffs oppose Defendant's motion on the grounds that it neither seeks an enlargement of time to permit Defendant Smith to prepare her Answer, nor shows cause why she could not have answered Plaintiffs' Complaint within the time limits set by Rule 12(a)(1)(A).

## FACTS

Defendant Judith Smith was served with a Summons and Complaint in this action on July 17, 2007. Docket Doc. No. 6. Defendant Smith's Answer to Plaintiffs' Complaint was due on August 6, 2007. July 19, 2007 ECF Docket Entry. On August 3, 2007 Defendant Smith joined six other Defendants in filing a joint motion, under Rule 6(b)(1), to extend the time within which they might answer until September 21, 2007. Docket Doc. No. 12.

1

**ANALYSIS**

Rule 6(b)(1) requires that a Defendant seeking to enlarge time " show cause" why time should be enlarged. The joint Motion does not show cause why time for Defendant Smith to answer Plaintiffs' Complaint should be enlarged,

Defendant's Motion seeks, not additional time for Ms. Smith to answer, but additional time so that counsel for Defendants can, after all Defendants are served, prepare a single joint answer on behalf of all defendants whom counsel might eventually represent. Id. at 1. The Motion does not state that Ms. Smith's Answer---as opposed to the joint answer contemplated by the seven Defendants--- could not have been prepared within the 20-day period set by Rule 12(a)(1)(a). See id, at 1-2. The Motion does not contemplate that any additional time granted would be utilized to prepare Defendant Smith's Answer, and contains neither representations that are specifically identified to Defendant Smith, nor an affidavit or declaration by Ms. Smith. See id. (naming Smith only in first- sentence list of seven Defendants).

Plaintiffs, elsewhere, have addressed the issues raised by Defendants' joint motion for enlargement and by Defendants' decision to file a single, joint Answer to Plaintiffs' Complaint. See Docket Doc. No. 20 (Plaintiffs' Opposition to Motion of Defendants Janey, Perelman, Council and Fields for an Extension of Time). Plaintiffs incorporate by reference, here, the discussion of those issues contained at pages 5-8 of Document 20.

Rule 6(b)(1), by its terms, gives a court complete discretion to grant a motion to enlarge where cause is shown. Cause is not shown where the purpose sought contravenes

the policy or requirements of the Federal Rules. Cf. Government Relations Inc. v. Howe, 2007 WL 201264 at *7 (D.D.C. Jan. 24, 2007)(despite lenient standard of R. 6(b)(1), no cause shown where representations undermine adversary process and judicial system).

                    Respectfully submitted,

                    Karen D. Alvarez
                    D.C.Bar No. 423186
                    1442 Foxhall Road, NW
                    Washington, D.C. 20007
                    (202) 333-8553