UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHANDA ALSTON, et al., | : | |
| PLAINTIFFS, | : | |
|  | : | Civ. Action No. 07-682 (RMU) |
| v. | : | |
| DISTRICT OF COLUMBIA, et al., | : | |
| DEFENDANTS. | : | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE ANSWER TO COMPLAINT**

On August 3, 2007, Defendants Clifford Janey, Judith Smith, Paula Perelman, Deirdre Council[1], Ruth Blake, Arthur Fields and the District of Columbia filed a motion for an extension of time to and including September 21, 2007, within which to file an answer to Plaintiffs' Complaint. Plaintiffs filed an opposition to this motion (Document 20) on August 8, 2007, with respect to Defendants Janey, Perelman, Council and Fields only.

Plaintiffs oppose the motion for two reasons: (1) because of "Defendants intention to violate the rules of pleadings," specifically Fed. R. Civ. P. 8(b), 8(c), 11(b)(3) and 12(a)(2), by "filing a single, omnibus answer" (*Opposition, p. 1.)*; and (2) because Defendants did not allege excusable neglect when requesting the extension of time. *Id.*

---

[1] "Deborah" Council is named as a Defendant in the above-captioned case. However, Deirdre Council believes she is the intended Defendant, and she has accepted service of the Summons and Complaint.

1

As to the first, it is clear that Plaintiffs have mistaken Defendants' intentions. Defendants intend to file one document. However, each of the Defendants represented by undersigned counsel will answer each allegation separately. The document will clearly state which Defendants admit and which Defendants deny the allegations in the Complaint. Defendants believe it will be a more efficient use of the Court's time to read one document rather than eight separate answers to the Complaint. Moreover, the rules cited by Plaintiffs do not prohibit multiple Defendants filing one document in answer to a Complaint.

Concerning the second objection, while Defendants did not use the "buzz words" found in Fed. R. Civ. P. 6(b), Defendants did show good cause why the Court, in its discretion, should grant Defendants' request. One of the reasons given for the request for extension of time, for example, was that undersigned counsel "is still attempting to make contact with the some of the remaining Defendants, and has not received the appropriate paperwork to solidify this attorney/client relationship for other Defendants." *See Defendants' Motion, pp, 1-2*. An elaboration of this reason will provide the "excusable neglect" Plaintiffs demand.

ECF Document 5 indicates that copies of the summons and complaint were delivered to Defendants Janey, Perelman, Council and Fields on July 12, 2007. None of these Defendants was personally served copies of the summons and complaint, and the record clearly shows that someone else accepted service on behalf of these Defendants. Defendants acknowledge that they should have received copies of the summons and complaint on the same date—July 12—that the documents were delivered. However, through no fault of theirs, that did not happen. The documents were placed in individual

mail boxes. If one of those Defendants was out of the office on the date the summons and complaint were delivered, they did not receive copies of the documents until they returned to the office.

Once Defendants had copies of the summons and complaint in hand, they should have notified their Office of General Counsel ("DCPS OGC"), who in turn should have notified the Office of the Attorney General ("OAG"). Whether by inadvertence (because they believed OAG was already aware of the action) or by mistake (because they were unsure whether OAG would represent the defendants because they are being sued in their personal capacity) that did not happen. DCPS OGC did not notify OAG of the pending lawsuit.[2] Nevertheless, this error should not be blamed on the defendants who are being sued in their personal capacity. This lack of notification was a circumstance beyond the control of those defendants.

Once OAG was served a copy of the summons and complaint, undersigned counsel was then tasked with contacting each named Defendant to ascertain whether and when they were served copies of the summons and complaint[3], whether they had already retained counsel, or whether they wanted to be represented by OAG. If Defendants wanted OAG to represent them, they were required to complete paperwork indicating as such.

---

[2] OAG was not served a copy of the summons and complaint until July 25, 2007, when the U.S. Marshal Service **mistakenly** delivered documents intended for the Mayor at 1350 Pennsylvania Avenue, to the OAG Offices at 441 4th Street, N.W.

[3] Some of the defendants received copies of the summons and complaint on July 13. Other could not remember when they received copies of the documents, but believed receipt did not occur until July 16th or July 17th.

Due to the method of service of the summons and complaint, the lack of notification to OAG of the impending lawsuit, and the time expended to obtain the formal requests for representation by counsel, Defendants did not file their Motion until August 3, 2007.  Defendants believe these reasons constitute "excusable neglect."

Fed. R. Civ. P. 6(b)(2) permits a court in its discretion and for good cause shown, to allow an act to be done "where the failure to act was the result of excusable neglect." In making a determination of "excusable neglect" a court should consider "the danger of prejudice to the other party," Smith v. District of Columbia, 430 F.3d. 450, 457 (D.C. Cir. 2005).

> Other factors to be considered in this equitable determination include "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

Id.

Plaintiffs will not be prejudiced if Defendants' Motion is granted.  Plaintiffs filed the Complaint on April 17, 2007.  Plaintiffs did not file a motion requesting that the summons issue until July 9, 2007, nearly **three months later**.  If Plaintiffs believed this action required an immediate response from Defendants, they would not have allowed three months to pass before requesting that the summons issue.

Defendants asked for an extension of time until September 21, 2007, to file an answer.  This is not a lengthy delay, and will have a minimal impact on the judicial proceedings because this action is in its initial stages.  Furthermore, one of the reasons for the delay—that OAG was not made aware of the pending lawsuit—was not the fault of the defendants being sued in their personal capacity.

For the reasons stated herein, and in Defendants Motion filed August 3, 2007, Defendants Motion should be granted.

          Respectfully submitted,

          LINDA SINGER
          Attorney General for the
            District of Columbia

          GEORGE C. VALENTINE
          Deputy Attorney General
          Civil Litigation Division

          */s/ Edward P. Taptich*_____
          EDWARD P. TAPTICH (012914)
          Section Chief
          Equity Section Two

          */s/ Veronica A. Porter*_____
          VERONICA A. PORTER (412273)
          Assistant Attorney General
          Civil Litigation Division
          Equity Section Two
          441 Fourth Street, N.W., Sixth Floor South
          Washington, D.C.  20001
          (202) 724-6651 (phone)
          (202) 727-3625 (facsimile)
          veronica2.porter@dc.gov

**August 15, 2007**