UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CHANDA ALSTON, et al.,                          :
                                                :
        PLAINTIFFS                               :
                                                :   Civ. Action No. 07-682 (RMU)
        v.                                       :
                                                :
DISTRICT OF COLUMBIA, et al.,                    :
                                                :
        DEFENDANTS.                              :
_____

**DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST
DEFENDANTS SUED IN THEIR PERSONAL CAPACITY,
§1983 CLAIMS, §504 CLAIMS AND CLAIMS FILED PURSUANT
TO THE AMERICANS WITH DISABILITIES ACT**

Defendants, through counsel, and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), respectfully move the Court to dismiss the claims against the seven Defendants sued in their personal capacity, the §1983 claims, the §504 claims and the claims filed pursuant to the Americans With Disabilities Act. The grounds for Defendants' motion are set forth in the accompanying Memorandum of Points and Authorities. An appropriate proposed order is also attached.

                                              Respectfully submitted,

                                              LINDA SINGER
                                              Attorney General for the
                                                District of Columbia

                                              GEORGE C. VALENTINE
                                              Deputy Attorney General
                                              Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH (012914)
        Section Chief
        Equity Section Two

        */s/ Veronica A. Porter*_____
        VERONICA A. PORTER (412273)
        Assistant Attorney General
        Civil Litigation Division
        Equity Section Two
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C.  20001
        (202) 724-6651 (phone)
        (202) 727-3625 (facsimile)
        veronica2.porter@dc.gov

**December 19, 2007**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CHANDA ALSTON, et al., : | |
| : | |
| PLAINTIFFS : | |
| : | Civ. Action No. 07-682 (RMU) |
| v. : | |
| : | |
| DISTRICT OF COLUMBIA, et al., : | |
| : | |
| DEFENDANTS. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST
DEFENDANTS SUED IN THEIR PERSONAL CAPACITY,
§1983 CLAIMS, §504 CLAIMS AND CLAIMS FILED PURSUANT
TO THE AMERICANS WITH DISABILITIES ACT**

**INTRODUCTION AND BACKGROUND**

On April 17, 2007, Plaintiffs filed a complaint against the District of Columbia, Clifford Janey, in his official capacity as Superintendent, Judith Smith, in her personal capacity, Paula Perelman, in her personal capacity, Deborah Council,[1] in her personal capacity, Ruth Blake, in her personal capacity, Mary Lee Phelps, in her personal capacity, Breona Harrison, in her personal capacity, Erika Gray,[2] in her personal capacity, and Arthur Fields, in his personal capacity. The complaint asserted jurisdiction pursuant to 42 U.S.C. §1983; Section 504 of the Rehabilitation Act, 29 U.S.C. §794; the Americans with Disabilities Act, 42 U.S.C. §12133; the "stay put" provision of the Individuals with

---

[1] Plaintiffs have named Deborah Council as a defendant in this action. Defendants believe Plaintiff intended to sue Deirdre Council, who has accepted service of the Complaint.

[2] Ms. Gray was never served a copy of the Complaint and is no longer a part of this action.

3

Disabilities Education Improvement Act of 2004, 20 U.S.C. §1415(j); and the District of Columbia Human Rights Act, D.C.Code §2-1403.16.  *See Complaint, pp. 1-7.*

The Federal statutes cited in the Complaint protect an individual against violations committed by an *agency or institution*, not violations committed by individuals.  In addition, the complaint does not allege any of the elements necessary to establish liability under 42 U.S.C. §1983 or 29 U.S.C. §794.  Accordingly, the claims against the seven Defendants sued in their personal capacity, and all claims based upon 42 U.S.C. §1983, 29 U.S.C. §794, and the Americans with Disabilities Act can not be sustained and must be dismissed.

## ARGUMENT

### I. Claims Based Upon the Americans with Disabilities Act, 42 U.S.C. §12133

The Americans with Disabilities Act, 42 U.S.C. §12133 ("ADA") provides:

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination **by any such entity**. (Emphasis added.)

42 U.S.C. §12131 defines a "public entity" as "any State or local government…any department or agency."  Consequently, liability lies with the agency, not with an individual that is employed by that agency.

In Stevenson v. Independent School District No. I-038 of Garvin County, Oklahoma  393 F.Supp.2d 1148, 1152 (W.D.Okla. 2005), parents sued a teacher and principal in their individual capacities for violating the ADA.  The District Court of Oklahoma held that the parents could not establish individual liability, stating:

> The Court agrees with the circuits that have addressed this issue and holds that plaintiffs cannot sue under §1983 for violations of the ADA or Rehabilitation Act. Additionally, the Court notes that plaintiffs cannot sue the individual defendants

4

> directly under Title II of the ADA or the Rehabilitation Act. Thus, they cannot use §1983 to do what they cannot do directly under these Acts--establish individual liability.

See also Butler v. City of Prairie Village, 172 F.3d 736, 744 (10th Cir.1999) (individual defendants named in the action may not be held liable for discrimination or retaliation in violation of the ADA.); Mendez-Vazquez v. Tribunal General De Justicia, 477 F.Supp.2d 406, 413 (D.Puerto Rico, 2007) ("absent clear direction from the First Circuit or the Supreme Court, it continues to follow the majority of circuits in holding that no personal liability may be imposed").

In this action, Plaintiffs have filed claims directly under the Americans with Disabilities Act and pursuant to §1983 against seven Defendants in their personal capacity. Since the ADA prohibits liability claims against individuals, Plaintiffs claims against the seven Defendants sued in their personal capacity—to the extent those claims are based upon the ADA—must be dismissed.

## II.  Claims Based Upon 42 U.S.C. §1983

In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider whether the factual allegations are enough to suggest that a claim to relief is plausible. Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955, 1960 (May 21, 2007). "Asking for plausible grounds [] does not impose a probability requirement at the pleading stage. . . ." Id. However, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averment of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only "enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). See also Papasan v. Allain, 478 U.S. 265, 286 (1986).

While the Complaint asserts a cause of action under 42 U.S.C. §1983 (Complaint p. 4), that assertion of jurisdiction is plainly in error. 42 U.S.C. §1983 states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation. See, e.g., Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694 (1978); Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000). And as to a finding of liability under Section 1983 based on an IDEIA violation, a four-part test must be met:

> (1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3)…plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm…suffered.

Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (citations omitted).

The court in Jackson v. District of Columbia, Civ. No. 02-0968 (D.D.C., September 21, 2003), while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any IDEIA claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. Slip op. at 10. Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests

6

a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id. The same result, for the same reasons, was also reached in R.S. v. District of Columbia, 292 F. Supp. 2d 23, 29 (D.D.C. 2003); Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006)(slip op. at 10); Robinson v District of Columbia, Civ. No. 06-01253 (D.D.C., August 2, 2007)(slip op at 8); Abarca v District of Columbia, Civ. No. 06-01254 (D.D.C., June 29, 2006) (slip op at 5); Hinson v. Merritt Educational Center, Civ. No. 07-934 (D.D.C., November 13, 2007) (slip op at 9). Compare Bowman v. District of Columbia, Civ. No. 05-1933 (D.D.C., August 2, 2006)(slip op. at 5-7).

In this case, other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to any of the elements of a Section 1983 violation. Accordingly, any claims based on Section 1983 must be dismissed.

### III. Claims Based Upon Section 504 of the Rehabilitation Act, 29 U.S.C. §794

The Complaint's assertion of jurisdiction based upon Section 504 of the Rehabilitation Act (Complaint p. 5), is similarly deficient. First, that statute, 29 U.S.C. §794 —intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g., Consolidate Rail Corp. v. Darrone, 465 U.S. 624 (1984) — is wholly irrelevant here. The Complaint does not assert that any discriminatory employment claims are involved in this action.

Even if Section 504 were deemed relevant in the context of an IDEIA claim, plaintiffs must show that the student was discriminated against "solely by reason of his handicap." 29 U.S.C. §794. See also Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006)(slip op. at 9; citing R.S. v. District of Columbia, supra);

7

Hinson v. Merritt Educational Center, Civ. No. 07-934 (D.D.C., November 13, 2007) (slip op at 12).  And plaintiffs must further demonstrate "something more than a mere failure to provide the "free and appropriate education" required by IDEA. T.T. v. District of Columbia, Civ. No. 06-0207 LEXIS 42739 (D.D.C. 2007).  Hence, Plaintiffs must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…"R.S. v. District of Columbia, supra.  See also Monahan v. Nebraska, 687 F. 2d 1164, 1170-71 (8th Cir. 1982)(liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

      Here, Plaintiffs' Complaint makes no mention of either bad faith or gross misjudgment — the standard for a claim under Section 504.  *Complaint*, *generally*.  Without more, Plaintiffs' failure to allege any facts or make any arguments whatsoever as to their Rehabilitation Act claim must result in a dismissal of the complaint.  See, Savoy-Kelly v. Eastern High School, supra, slip op. at 10; T.T. v. District of Columbia, supra; R.S. v. District of Columbia, supra.  Compare Bowman v. District of Columbia, supra.

**IV.  Claims Based Upon IDEIA**

      The Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 et seq. ("IDEIA"), provides that any party aggrieved by the findings and decision made [by a hearing officer], shall have the right to bring a civil action in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.  20 U.S.C. §1415(i)(2)(A).  In their prayer for relief, Plaintiffs ask this Court to reverse a January 18, 2007 Hearing Officer's Determination ("HOD"), declare that Woods Services is C.A.'s "then current educational placement" and extend her special

8

education eligibility by nine months. *Complaint, p. 41*. Thus, the issue before this Court with respect to IDEIA is whether the January 18, 2007 HOD should be affirmed or reversed.

Nevertheless, Plaintiffs have named seven present and former employees of DCPS as defendants in this action, and are suing these seven employees in their personal capacity. *There is no provision in IDEIA that allows for such an action to occur.* This Court's ruling on the Complaint, with respect to the IDEIA claims, will be based upon a review of the administrative proceedings. The seven Defendants being sued in their personal capacity were not a part of the administrative proceedings below, and therefore, cannot be parties in this action.

Accordingly, Plaintiffs claims against the seven Defendants sued in their personal capacity—to the extent those claims are based upon the IDEIA—must be dismissed.

## V. Claims Based Upon the District of Columbia Human Rights Act

D.C. Code §2-1401.01 provides:

It is an unlawful discriminatory practice, subject to the exemptions in § 2-1401.03(b), for an educational institution:
(1) To deny, restrict, or to abridge or condition the use of, or access to, any of its facilities, services, programs, or benefits of any program or activity to any person otherwise qualified, wholly or partially, for a discriminatory reason, based upon the actual or perceived…disability of any individual.

In this action, Plaintiffs have filed claims against seven present and former DCPS employees for violations pursuant to the D.C. Human Rights Act. *Complaint, generally.* Although Plaintiff are suing these seven persons in their personal capacity, the alleged discriminatory actions described by Plaintiffs in the Complaint are acts that were committed while the seven were acting in their official capacities as employees of DCPS. Therefore, the acts must be deemed as stating a claim against the District of Columbia, and not against the individual Defendants. See Giardino v. District of Columbia, 505

9

F.Supp.2d. 117, 118 (D.D.C. 2007), *citing* Clark v. Library of Congress, 750 F.2d 89, 102 (D.C. Cir. 1984).

Since the District of Columbia is named as a defendant in this action, the claims against the seven persons sued in their personal capacity are superfluous. Accordingly, in the interest of judicial economy, the claims against the seven defendants sued in their personal capacity must be dismissed. See Kentucky v. Graham, 473 U.S. 159, 167 (1985).

## **CONCLUSION**

The Americans with Disabilities Act was created to protect persons from discriminatory violations committed by an agency or institution. Therefore, individuals may not be held liable pursuant to ADA. In addition, claims filed pursuant to IDEIA entail a review of the administrative proceeding held below. The seven Defendants sued in their personal capacity were not parties in the administrative proceedings and cannot, therefore, be named as parties in this action. The complaint does not allege any of the elements necessary to establish liability under 42 U.S.C. §1983 or 29 U.S.C. §794. Finally, since the District of Columbia is named as a Defendant in this action, the claims filed against the seven Defendants sued in their personal capacity, pursuant to the D.C. Human Rights Act, are superfluous. Accordingly, Defendants' motion must be granted, and the claims against the seven Defendants sued in their personal capacity to the extent they are based upon the Americans with Disabilities Act, the IDEIA, the D.C. Human Rights Act, and all claims based upon 42 U.S.C. §1983, 29 U.S.C. §794 must be dismissed.

       Respectfully submitted,

       LINDA SINGER
       Attorney General for the
         District of Columbia

       GEORGE C. VALENTINE
       Deputy Attorney General
       Civil Litigation Division

       */s/ Edward P. Taptich*_____
       EDWARD P. TAPTICH (012914)
       Section Chief
       Equity Section Two

       */s/ Veronica A. Porter*_____
       VERONICA A. PORTER (412273)
       Assistant Attorney General
       Civil Litigation Division
       Equity Section Two
       441 Fourth Street, N.W., Sixth Floor South
       Washington, D.C.  20001
       (202) 724-6651 (phone)
       (202) 727-3625 (facsimile)
       veronica2.porter@dc.gov

**December 19, 2007**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                :
**CHANDA ALSTON, et al.,**      :
                                :
    **PLAINTIFFS**          :
                                :
                                :   **Civ. Action No. 07-682 (RMU)**
    **v.**                  :
                                :
**DISTRICT OF COLUMBIA, et al.,**:
                                :
    **DEFENDANTS.**         :
_____

### ORDER

Upon consideration of Defendants' Motion to Dismiss Claims Against Defendants Sued in Their Personal Capacity, §1983 Claims, §504 Claims and Claims Filed Pursuant to the Americans with Disabilities Act, any opposition thereto, and the entire record, it is this _____ day of _____, 2007

**ORDERED**, that Defendants' Motion to Dismiss Claims Against Defendants Sued in Their Personal Capacity, §1983 Claims, §504 Claims and Claims Filed Pursuant to the Americans with Disabilities Act is GRANTED; it is

**FURTHER ORDERED**, that all claims against Defendants Judith Smith, Paula Perelman, Deirdre Council, Ruth Blake, Mary Lee Phelps, Breona Harrison, and Arthur Fields, to the extent that they are based upon the Americans with Disabilities Act, the Individuals with Disabilities Education Improvement Act of 2004 and the District of Columbia Human Rights Act are DISMISSED WITH PREJUDICE; it is

**FURTHER ORDERED**, that all claims pursuant to 42 U.S.C. §1983, 29 U.S.C. §794 and 42 U.S.C. §12133 are hereby DISMISSED WITH PREJUDICE.

13

_____
UNITED STATES DISTRICT JUDGE