IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDA ALSTON, et al, | ) |
| | ) |
| Plaintiffs, | ) Civ.Action No 7-CV-0682(RMU) |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, et al, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants have moved to dismiss all claims asserted by Plaintiffs against the individual Defendants in their personal capacities and Plaintiffs' claims under Section 504 of the Rehabilitation Act of 1973. Plaintiffs oppose Defendants' motion for the reasons set forth below.
.

**1. Individual Defendants Are Personally Liable for Retaliation under the ADA**

Plaintiffs' Complaint states a claim for relief for retaliation in violation of Title II of the ADA. The ADA prohibits any person from engaging in retaliatory conduct and from interfering with the exercise of rights created by the ADA. It states:

  (a) "Retaliation

    No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter;

1

(b) Interference, coercion or intimidation

> It shall be unlawful to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

42. U.S.C. Section 12203. The ADA defines "person" to include "one or more individuals." 42 U.S.C. Section 1211(7) (incorporating 42 USC 2000e (a).

The Court of Appeals for the District of Columbia has not considered the question of individual liability for retaliation in violation of Title II of the ADA. It appears that only two Circuits have squarely addressed that question. The Fourth Circuit addressed the issue in <u>Baird v. Rose</u>, 192 F.3d 462 (4th Cir. 1999), holding that individual defendants could not be held personally liable for retaliation in violation of Title II. As the Eleventh Circuit Court of Appeals has noted, the Fourth Circuit's holding rested on an error in analysis: the Fourth Circuit erroneously found that Title II was based upon Title VII of the Civil Rights Act and incorporated the remedies, and limitations, of Title VII. <u>Shotz v. City of Plantation</u>, 344 F.3d 1161, 1164-1170 (11th Cir. 2003). Title II of the ADA incorporates the remedies of Title VI of the Civil Rights Act. Id.

The Eleventh Circuit, following a lengthy analysis of Title II of the ADA and the ADA's Retaliation provision, held that individuals are personally liable for retaliation under Title II. Id.; <u>see also</u>, <u>Carmona-Rivera v. Puerto Rico</u>, 464 F.3d. 14, 19-20 (1st Cir. 2006) (affirming summary judgment as to retaliation claim against defendants, including individual defendants in personal capacity, on ground that plaintiff did not prove retaliatory delay)

**2. Individual Defendants Are Personally Liable for Retaliation under Section 504**

Regulations implementing Section 504 expressly prohibit retaliation by "any recipient or other person". They state:

> " No recipient or other person shall intimidate , threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by Section 601 of [the Civil Rights] Act or this part, or because he has made a complaint , testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part."

34 C.F.R. Section 100.7(c). This prohibition applies to any right or privilege secured by the Rehabilitation Act. 34 C.F.R. 104.61. This broadly protective anti-retaliation regulation is firmly grounded in the enforcement provision of Title VI and the Rehabilitation Act. Weber v. Cranston, 212 F.3d 41, 48 (1st Cir. 2000).

Individual defendants in their personal capacity are liable for violations of Section 504's retaliation prohibition. Id.at 48-49 (1st Cir 2000)(suit against school committee and members and officials in their individual and official capacities)(parent's retaliation action against defendants, including individual defendants in personal capacity states claim states claim for relief under Section 504); Weixel. v. Bd of Ed.287 F3d 138, 148-149 (2d Cir. 2002 )(individual defendants listed in Weixel v. Bd of Ed, 2000 US Dist. Lexis 11041 **14-15); Lauren W. v. DeFlaminis, 480 F3d 259,267-268 (3d Cir 2007)(discussing elements of Section 504 retaliation claim against individuals in personal capacity); Bradley v. Ark Dept of Ed, 443 F.3d 965,977  (8th Cir. 2005)(discussing retaliation claim against school district and individual defendant without further commentary)(individual def actions not shown to have been taken because Ps engaged in protected activity).

**3. Claims Stated against Individual Officials in Their Personal Capacity under the DCHRA Can Not Be Dismissed**

Plaintiffs' Complaint states claims for relief against the individual defendants in their <u>personal capacity</u> under various sections of the D.C. Human Rights Act. Defendants do not dispute that the DCHRA provides for individual liability for violation of its provisions. <u>See</u> Doc. 34 at 9-10.

Defendants, nevertheless, argue that those claims must be dismissed. Id. Defendants' argument relies exclusively on <u>Giardino v. District of Columbia</u>, 505 F.Supp.2d 117, 118 (D.D.C. 2007), which Defendants misread. <u>Giardino</u> stands only for the proposition that where claims are made against individual officers of the District in their official capacity, those official capacity claims merge with claims against the District. 505 F.Supp.2d at 120 and 120 n.2. <u>Giardino</u> does not support Defendants' assertion that a claim against an individual officer in his personal capacity may be dismissed simply because that officer or employee was employed by the District of Columbia at the time that he violated the DCHRA. Nor does <u>Clark v. Library of Congress</u>, 750 F.2d 89, 103-104 (D.C.Cir 1984), which stands for the proposition that a suit against the Librarian of Congress in his official capacity is barred by the doctrine of sovereign immunity. 750 F.2d at 103-104.

**4. Plaintiffs State Claim for Relief under Section 504**

Plaintiffs' Complaint alleges that Defendants intentionally excluded C.A. from DCPS programs and intentionally denied her the benefits of DCPS programs in violation of Section 504. Complaint at PP 34-49 (reciting in detail facts demonstrating intentional conduct, actions and decisions of Defendants). Plaintiffs' Complaint alleges that

4

Defendants provide programs and services, from which Defendants intentionally excluded C.A. or the benefits of which they intentionally deprived C.A., solely because of the nature and extent of her disabilities. Complaint at PP 50-51, P 85. Plaintiffs' allegation that Defendants excluded C.A. and denied her the benefits of those programs and services solely because of her disability is fully supported by the detailed statement of actions and decisions taken by Defendants that is set forth in Plaintiffs' Complaint. See Monahan v. Nebraska, 687 F.2d 1164, 1170 (8th Cir. 1982) (Section 504 reference to "discrimination" requires showing of something more than an incorrect evaluation or faulty IEP).

Defendants assert that Plaintiffs' claims fail to state a cause of action under Section 504 because Plaintiffs' Complaint does not use the words ""bad faith" or "gross misjudgment" in connection with Defendants' conduct.  Doc. 34 at 8.  Plaintiffs' Complaint demonstrates more than "bad faith" or "gross misjudgment": it alleges and demonstrates intentional and willful violation of C.A. rights under Section 504. Complaint at PP 34-49 (reciting facts demonstrating intentional and willful violation of rights); Complaint at PP 85 (alleging as element of cause of action under Section 504 intentional and willful violation of Section 504 rights). Plaintiffs' Complaint fully complies with the requirement that a plaintiff allege something more than negligence in order to state a claim under Section 504.

**5. Plaintiffs State a Claim for Relief under Section 1983** .

Plaintiffs' Complaint alleges that Defendants acting under color of state law deprived Plaintiffs of their rights under Section 504 and Title II of the ADA.

Section 1983 may be used to enforce, against individual defendants, rights under Title II of the ADA and under Section 504 of the Rehabilitation Act. Weixel v. Board of Ed., 287 F.3d 138, 151 (2d Cir. 2002); Gowardena v. N.Y., 475 F.Supp. 2d 310, 329-330 (S.D. N.Y. 2007), citing K.M. v. Hyde Park Cent. Sch. Dist, 381 F.Supp. 2d 343, 362 (S.D.N.Y. 2005); Mallet v. Wisc. Div. of Voc. Rehab., 130 F.3d 1245, 155-56 (7th Cir. 1997). See also, Toledo v. Sanchez. 454 F.3d 24, 30,40 (1st Cir 2006)( affirming trial court holding reinstating Title II claims where Plaintiff also stated claim for relief under 1983 predicated on Title II); Guttman v. Khalso, 446 F.3d 1027,1029-30 (10th Cir. 2006)(affirming trial court dismissal on summary judgment of 1983 claim based on ADA dismissed on ground that defendants had judicial immunity),

Accordingly, Plaintiffs respectfully submit that Defendants' Motion should be denied.

    Respectfully submitted,

    Karen D. Alvarez
    D.C.Bar No. 423186
    1442 Foxhall Road, NW
    Washington, D.C. 20007
    (202) 333-8553