**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                :
CHANDA ALSTON, et al.,                          :
                                                :
         PLAINTIFFS,                            :
                                                :        Civ. Action No. 07-682 (RMU)
         v.                                     :
                                                :
DISTRICT OF COLUMBIA, et al.,                   :
                                                :
         DEFENDANTS.                            :
_____

## DEFENDANTS' MOTION FOR LEAVE TO FILE
## AMENDED ANSWER TO COMPLAINT

Defendants Clifford Janey, Judith Smith, Paula Perelman, Deirdre Council, Ruth

Blake, Mary Lee Phelps, Breona Harrison, Arthur Fields and the District of Columbia,

through counsel, and pursuant to Fed. R. Civ. P. 15(a) and 7(b), respectfully move for

leave to file the attached Amended Answer to Complaint.  The Amended Answer

includes a Fifth Affirmative Defense concerning the Statute of Limitations.  Defendants

mistakenly failed to include this defense in their Answer filed September 21, 2008.

Fed. R. Civ. P. 15(a) permits a party to amend a pleading if the action has not

been placed on a trial calendar and if a party seeks amendment within 20 days after the

pleading has been served.  Otherwise, a party may amend a pleading only by leave of the

Court "and leave shall be freely given when justice so requires."   Although more than 20

days have passed since Defendants filed their Answer, the action has not been placed on

the trial calendar.  Indeed, the parties have not filed a meet and confer statement or a

proposed briefing schedule, and the Court has not scheduled an initial conference.  Since

this action is still in its early stages, Plaintiffs will not be prejudiced if the Court grants

Defendants' motion.

   Undersigned counsel telephoned Plaintiffs' counsel, Karen Alvarez, seeking

consent for this motion.  However, Ms. Alvarez did not return the phone call.

   Based upon the foregoing, the above-named Defendants respectfully request that

this motion be granted and that Defendants be permitted to file the attached Amended

Answer to Complaint.


        Respectfully submitted,

        PETER J. NICKELS
        Interim Attorney General for the
         District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH (012914)
        Section Chief
        Equity Section Two

        */s/ Veronica A. Porter*_____
        VERONICA A. PORTER (412273)
        Assistant Attorney General
        Civil Litigation Division
        Equity Section Two
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C.  20001
        (202) 724-6651 (phone)
        (202) 727-3625 (facsimile)
        veronica2.porter@dc.gov

**February 11, 2008**

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO
FILE AMENDED ANSWER TO COMPLAINT**</u>

1. Fed. R. Civ. P. 15(a)

2. Fed. R. Civ. P. 7(b)

3. The inherent authority of this Court.

Respectfully submitted.

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

/s/  *Veronica A. Porter*
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**February 11, 2008**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        :
**CHANDA ALSTON, et al.,**               :
                                        :
    **PLAINTIFFS,**                      :
                                        :        **Civ. Action No. 07-682 (RMU)**
        **v.**                           :
                                        :
**DISTRICT OF COLUMBIA, et al.,**        :
                                        :
        **DEFENDANTS.**                  :
_____

## **ORDER**

Upon consideration of Defendants' Motion for Leave to File Amended Answer to Complaint, any opposition thereto, and the entire record in this proceeding, it is this

_____ day of _____, 2008

**ORDERED**, that Defendants' Motion for Leave to File Amended Answer to Complaint is GRANTED.

_____
UNITED STATED DISTRICT JUDGE

4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
:
**CHANDA ALSTON, et al.,**                      :
:
**PLAINTIFFS**                     :
:          **Civ. Action No. 07-682 (RMU)**
**v.**                          :
:
**DISTRICT OF COLUMBIA, et al.,**        :
:
**DEFENDANTS.**               :
_____

## DEFENDANTS' AMENDED ANSWER TO COMPLAINT

Defendants Clifford Janey, Judith Smith, Paula Perelman, Deirdre Council, Ruth Blake, Mary Lee Phelps, Breona Harrison, Arthur Fields and the District of Columbia answer the Complaint with the following:

Page 3, paragraph 1 -- This statement is a characterization of the action to which no response is required. If a response is required, then the same is denied.

Page 4, paragraph 1 -- Sentence one is a characterization of the action to which no response is required. If a response is required, then the same is denied. Judge Urbina's Orders speak for themselves. Sentence two is the pleader's interpretation of those orders to which no response is required. If a response is required, then the same is denied. The Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA") speaks for itself. Sentence three is the pleader's interpretation of IDEIA to which no response is required. If a response is required, then the same is denied.

Page 4, paragraph 2 -- This sentence is the pleader's description of and rationale for bringing the action to which no response is required. If a response is required, then the same is denied.

Page 4, paragraph 3 -- The Americans with Disabilities Act ("ADA") speaks for itself. Sentence one is the pleader's interpretation of the ADA to which no response is required. If a response is required, then the same is denied. Sentence two is the pleader's description of the action to which no response is required. If a response is required, then the same is denied.

Page 5, paragraph 1 -- Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), speaks for itself. Sentence one is the pleader's interpretation of Section 504 to which no response is required. If a response is required, then the same is denied. Sentence two is the pleader's description of the action to which no response is required. If a response is required, then the same is denied.

Page 5, paragraph 2 -- The District of Columbia Human Rights Act ("HRA") speaks for itself. This sentence is the pleader's interpretation of the HRA to which no response is required. If a response is required, then the same is denied.

Page 5, paragraph 3 -- IDEIA speaks for itself. Theses allegations are the pleader's interpretation of IDEIA to which no response is required. If a response is required, then the same are denied.

Page 6, paragraph 1 -- The due process complaint speaks for itself. Sentence one is the pleader's rationale for filing the May, 2006 action to which no response is required. If a response is required, then the same is denied. All Defendants admit sentence two. The January 18, 2007, Hearing Officer's Determination ("HOD") speaks for itself.

Sentence three is the pleader's interpretation of the HOD to which no response is required.  If a response is required, then the same is denied.  The remaining allegations are the pleader's characterization of the action to which no response is required.  If a response is required, then the same are denied.

Page 6, paragraph 2 --  Defendants acknowledge the existence of the cited statutes, but deny that this Court has jurisdiction thereunder.

(Paragraph numbers below correspond to the paragraph numbers in the complaint.)

1.  Defendants admit that C.A. is a 14-year old resident of the District of Columbia.  Sentence five is the pleader's characterization of the action to which no response is required.  If a response is required, then the same is denied.  The remaining allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

2.  Defendants admit sentence one.  Sentence two is the pleader's characterization of the action to which no response is required.  If a response is required, then the same is denied.

3.  Admitted by all Defendants.

4.  Defendants deny sentences one and three.  Defendants admit sentence two.  Sentence four is the pleader's characterization of the action to which no response is required.  If a response is required, then the same is denied.

5.  Defendant Smith admits sentence one.  Defendants Smith, Janey and the District of Columbia admit sentences two, six and eight.  Defendants Smith, Janey and the District of Columbia deny sentences three, four and five.  Defendant Perelman denies

sentence five.  Defendants Smith, Janey and the District of Columbia admit Defendant

Smith has been personally involved in the 2005-2006 court cases brought by Ms. Alston,

in many capacities, including submitting declarations and participating in Court

conferences.  Defendants Smith, Janey and the District of Columbia deny Defendant

Smith made decisions on placement matters.  Sentence nine is the pleader's

characterization of the action to which no response is required.  If a response is required,

then the same is denied.  There are no allegations in this paragraph against the remaining

Defendants to which a response is required.  If a response is required, then the allegations

are denied.

6.  Defendants Perelman, Janey and the District of Columbia admit sentence one.

Defendants Perelman, Janey and the District of Columbia deny sentences two, three, four

and five.  Sentence six is the pleader's characterization of the action to which no response

is required.  If a response is required, then the same is denied.  There are no allegations in

this paragraph against the remaining Defendants to which a response is required.  If a

response is required, then the allegations are denied.

7.  Defendants Council, Janey and the District of Columbia admit that Defendant

Council was until recently a Special Education Office liaison with Grafton School's

Rockville Campus and with Cabin John Middle School, that she swore to a declaration in

Plaintiffs' cases, and that she was involved in some placement decisions for C.A.

Defendants Council, Janey and the District of Columbia deny the remaining allegations

in this paragraph.  Sentence three is the pleader's characterization of the action to which

no response is required.  If a response is required, then the same is denied.  There are no

allegations in this paragraph against the remaining Defendants to which a response is required. If a response is required, then the allegations are denied.

8. Defendants Smith, Janey and the District of Columbia deny that Erika Gray reported to Defendant Smith. There are no allegations in this paragraph against the remaining Defendants to which a response is required. If a response is required, then the allegations are denied.

9. Defendants Blake, Janey and the District of Columbia admit sentences one and three, and admit that Defendant Blake has been the director for non-public school placements throughout the period that C.A. has been placed in private special education schools. Defendants Blake, Janey and the District of Columbia deny the remaining allegations. Sentence five is the pleader's characterization of the action to which no response is required. If a response is required, then the same is denied. There are no allegations in this paragraph against the remaining Defendants to which a response is required. If a response is required, then the allegations are denied.

10. Defendants Harrison, Janey and the District of Columbia admit sentence one, and that Defendant Harrison has been involved in some events described in the Complaint. The remaining allegation is the pleader's characterization of the action to which no response is required. If a response is required, then the same is denied. There are no allegations in this paragraph against the remaining Defendants to which a response is required. If a response is required, then the allegations are denied.

11. Defendants Phelps, Janey and the District of Columbia admit that Defendant Phelps is now a consultant to the District of Columbia Public Schools ("DCPS"), that she held the title of Acting Director of the Office of Special Education, and that she

supervised Defendants Smith, Perelman and Blake.  Defendants Phelps, Janey and the District of Columbia deny the remaining allegations.  Defendants Smith, Perelman and Blake admit sentence three.  Sentence five is the pleader's characterization of the action to which no response is required.  If a response is required, then the same is denied. There are no allegations in this paragraph against the remaining Defendants to which a response is required.  If a response is required, then the allegations are denied.

12.  The allegations in this paragraph are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

13.  The allegations in this paragraph are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

14.  Defendants can neither admit nor deny the allegations because the allegations are too vague and unintelligible.

15.  Defendants can neither admit nor deny the allegations because the allegations are too vague and unintelligible.

16.  Defendants lack knowledge and information sufficient to enable them to respond to this allegation at this time.

17.   Defendants lack knowledge and information sufficient to enable them to respond to this allegation at this time.

18.  The September, 2001 Hearing Officer's Determination ("HOD") speaks for itself.  The allegations in sentence one are the pleader's interpretation of the HOD to which no response is required.  If a response is required, then the same are denied. Defendants deny the allegations in sentence two.

19.  Defendants deny the allegations in sentence one.  The psychiatric evaluation speaks for itself.  The remaining allegations are the pleader's interpretation of the evaluation to which no response is required.  If a response is required, then the same are denied.

20.  Defendants deny these allegations.

21.  Defendants lack knowledge and information sufficient to enable them to respond to this allegation at this time.

22.  Defendants Blake, Smith, Perelman, Janey and the District of Columbia deny the allegations in sentence one.  Sentence two, in part, is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, the same is denied. Defendants lack knowledge and information about Plaintiffs' actions to enable them to answer the allegation in sentence two.  There are no allegations in this paragraph against the remaining Defendants to which a response is required.  If a response is required, then the allegations are denied.

23.  The August 22, 2003 HOD speaks for itself.  The allegations in sentences one and two are the pleader's interpretation of the HOD to which no response is required.  If a response is required, the same are denied.  Defendants Perelman, Smith, Blake, Janey and the District of Columbia deny the allegations in sentence three.  There are no allegations in this paragraph against the remaining Defendants to which a response is required.  If a response is required, then the allegations are denied.

24.  Defendants Council, Janey and the District of Columbia admit the allegation in sentence one.  Defendants lack knowledge and information sufficient to enable them to respond to the allegation in sentences two and three. Defendants Council, Janey and the

District of Columbia deny the allegation in sentence four.  There are no allegations in this paragraph against the remaining Defendants to which a response is required.  If a response is required, then the allegations are denied.

25.  Defendants Council, Blake, Janey and the District of Columbia admit that Defendant Council worked under the supervision of Defendant Blake, and the Defendant Council communicated directly with the Grafton staff.   Defendants Blake, Janey and the District of Columbia deny that Defendant Blake communicated directly with the Grafton staff.  There are no allegations in this paragraph against the remaining Defendants to which a response is required.  If a response is required, then the allegations are denied.

26.  Defendants lack knowledge and information sufficient to enable them to answer this allegation.

27.  Defendants Council, Janey and the District of Columbia admit that the Grafton staff requested authorizations from DCPS, and deny the remaining allegations in sentence one.  Defendant Blake lacks knowledge and information sufficient to enable her to answer the allegation in sentence one. Sentence two is a conclusion of the pleader to which no response is required.  If a response is required, then the same is denied.  There are no allegations in this paragraph against the remaining Defendants to which a response is required.  If a response is required, then the allegations are denied.

28.  The September 13, 2005 due process complaint speaks for itself.  The remaining allegations are the pleader's interpretation of the due process complaint and rationale for filing the complaint to which no response is required.  If a response is required, then the allegations are denied.

29.  Defendants Smith, Council, Janey and the District of Columbia admit that Defendants Smith and Council were personally involved in the 2005 Court action.  There are no allegations in this paragraph against the remaining Defendants to which a response is required.  If a response is required, then the allegations are denied.

30.  The Court's September, 2005 Orders speak for themselves.  The remaining allegations are the pleader's interpretation of those Orders to which no response is required.  If a response is required, then the same are denied.

31.  The due process hearing transcript speaks for itself.  These allegations are the pleader's recollection of what occurred at the hearing to which no response is required.  If a response is required, then the same are denied.

32.  Defendants Perelman and Smith deny the allegations.  Defendants Council, Blake, Janey, and the District of Columbia admit that Defendant Blake supervised Defendant Council, but lack knowledge and information sufficient to enable them to answer whether Defendant Council appeared before a due process hearing at this time.

33.  The November 22, 2005 HOD speaks for itself.  The remaining allegation is the pleader's interpretation of the HOD to which no response is required.  If a response is required, then the same is denied.

34.  This statement is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

35.  Defendants admit sentence one and admit that Grafton provided information on its closing to DCPS.  Defendants lack knowledge and information sufficient to enable them to answer whether Grafton's closing was widely publicized in local newspapers. Defendants Council and Blake deny the allegations in sentence three. There are no

allegations in this paragraph against the remaining Defendants to which a response is required. If a response is required, then the allegations are denied.

36. The 2001 psychiatric evaluation speaks for itself. The allegations in sentence one are the pleader's interpretation of the evaluation to which no response is required. If a response is required, then the same are denied. Defendants lack knowledge and information sufficient to enable them to answer the allegation in sentence two at this time.

37. Defendants lack knowledge and information sufficient to enable them to answer these allegations at this time.

38. Defendants admit sentence one. Defendants Blake, Council, Janey and the District of Columbia deny the allegations in sentence two. There are no allegations in this paragraph against the remaining Defendants to which a response is required. If a response is required, then the allegations are denied.

39. Defendants lack knowledge and information sufficient to enable them to answer these allegations at this time.

40. Defendants Council, Janey and the District of Columbia admit sentence one, and admit that Defendant Council's responsibilities included reviewing Individualized Educational Plan ("IEP") notes. Defendant Blake denies that her responsibilities included reviewing IEP notes. The IEP and meeting notes speak for themselves. The remaining allegations are the pleader's interpretation of the notes' contents to which no response is required. If a response is required, then the same are denied. There are no allegations in this paragraph against the remaining Defendants to which a response is required. If a response is required, then the allegations are denied.

41.  The May, 2006 due process complaint speaks for itself.  The remaining allegations are the pleader's interpretation of the complaint to which no response is required.  If a response is required, then the same are denied.

42.  Defendants deny sentence one.  Sentence two is a conclusion of the pleader to which no response is required.  If a response is required, then the same is denied. Defendants Perelman, Council and Fields deny the allegations in 42(a) and 42(c).  The March, 2006, meeting notes speak for themselves.  The allegations in 42(b) are the pleader's interpretation of the notes and recollection of events that occurred at the June, 2006 dispute resolution meeting to which no response is required.  If a response is required, then the same is denied.  Defendants Perelman and Council deny the allegations in 42(b).  The August, 2003, HOD speaks for itself.  The remaining allegations in 42(c) are the pleader's interpretation of the HOD to which no response is required.  If a response is required, then the same are denied.  There are no allegations in this paragraph against the remaining Defendants to which a response is required.  If a response is required, then the allegations are denied.

43.  Defendant Smith denies the allegation in sentence one.  The declaration referred to in 43(a) speaks for itself.  The remaining allegations in 43(a) are the pleader's interpretation of the declaration to which no response is required.  If a response is required, then the same are denied.  Defendants Smith, Council, Janey and the District of Columbia admit the allegations in 43(b).  Defendant Perelman denies the allegations in 43(b).  Defendants Perelman, Smith, Council, Janey and the District of Columbia deny the allegations in 43(c).  There are no allegations in this paragraph against the remaining

Defendants to which a response is required. If a response is required, then the allegations are denied.

44. The Court's July, 2006 Order speaks for itself. The remaining allegations are the pleader's interpretation of the Court Order to which no response is required. If a response is required, the same is denied.

45. Defendants Smith, Harrison, Blake, Janey and the District of Columbia deny the allegation in this paragraph. There are no allegations in this paragraph against the remaining Defendants to which a response is required. If a response is required, then the allegations are denied.

46. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the allegations are denied by Defendants Phelps, Janey and the District of Columbia. There are no allegations in this paragraph against the remaining Defendants to which a response is required. If a response is required, then the allegations are denied.

47. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the allegation is denied.

48. Defendants Blake, Smith, Janey and the District of Columbia deny the allegations. There are no allegations in this paragraph against the remaining Defendants to which a response is required. If a response is required, then the allegations are denied.

49. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

50. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

51.  Defendants deny these allegations.

52.  The due process complaint speaks for itself.  Sentence one is the pleader's interpretation of that complaint to which no response is required.  If a response is required, then the same is denied.  The HOD speaks for itself.  Sentence three is the pleader's interpretation of the HOD to which no response is required.  If a response is required, then the same is denied.  Defendants lack knowledge and information sufficient to enable them to respond to the allegation in sentence two.

53.  The HOD speaks for itself.  These allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

54.  The HOD speaks for itself.  These allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

55.  Defendants deny this allegation.

56.  Defendants deny this allegation.

57.  Defendants deny this allegation.

58.  This statement is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

(Note:  Plaintiffs' Complaint contains two paragraphs numbered "58".)

58.  These allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

59.  Defendants lack knowledge and information sufficient to enable them to respond to these allegations.

60. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

61. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

62. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

63. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

64. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

64b. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 64.

65. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

66. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

67. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

68. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 67.

69. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

70. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 69.

71. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

72. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

73. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

74. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

75. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

76. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

77. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 76.

78. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

79. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

80. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

81.   This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

82.   This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

83.  In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 82.

84.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

85.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

86.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

87. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 86.

88. This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

89. This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

90.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

91. This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

92.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

93.   In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 92.

94.  Admitted by all Defendants.

95.  Admitted by all Defendants.

96.  Denied by all Defendants.

97.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

98.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

99.  In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 98.

100.  Admitted by all Defendants.

101. This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

102.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

103.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

104.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

105.  In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 104.

106. This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

107.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

108.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

109.   These allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

1010.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs have failed to exhaust their administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

The decision of the hearing officer at issue is supported by substantial evidence, is in accordance with the applicable law, and should be affirmed by this Court as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

The Statute of Limitation has expired.


Respectfully submitted,


PETER J. NICKLES
Interim Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

*/s/ Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov


**February 11, 2008**