UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHANDA ALSTON, *et al.*, | ) ) ) | |
| On behalf of C.A., minor,<br>Plaintiffs, | ) ) ) ) | |
| v. | ) ) | Civil Action No. 07-0682(RMU) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## THE PARTIES' RULE 16.3 REPORT

Pursuant to Fed. R. Civ. P. 16 and LCvR 16.3, the parties, by and through undersigned counsel submit the following report:

The parties have met and conferred and believe that there is a significant likelihood that they may be able to resolve this matter through mediation. Accordingly, the parties request that the Court refer this action to either of Magistrate Judge Kay or Magistrate Judge Facciola for a term of mediation not to exceed one month.

The parties have further agreed upon the following schedule for discovery and litigation, in the event that they are unable to resolve this action through mediation. The schedule assumes that the magistrate will be able to initiate mediation within 2 weeks. The parties agree that the dates below will be adjusted accordingly if the magistrate is not available to initiate mediation within 2 weeks.

### AGREEMENTS OF THE PARTIES AND DISCOVERY PLAN:

1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

The parties believe that the case is likely to be disposed of by dispositive motion.

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

The parties agree that any other parties should be joined and/or the pleadings amended by

March 13, 2009.

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties agree that the case should be assigned to a magistrate judge for mediation

only and only for a one month term.

4. Whether there is a realistic possibility of settling the case.

The parties believe settlement is possible.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

No.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The parties consider that motions for summary judgment may resolve some or all of the issues in this case.

Plaintiffs propose the following schedule for motions for summary judgment:

    a. Summary Judgment Motions (including cross motions):   June 18, 2009

    b. Oppositions:   July 8, 2009

    c. Replies:   July 15, 2009


Defendants propose the following schedule:

a. Plaintiffs' motion for summary judgment : June 18, 2009

b. Defendants' opposition and cross motion: July 17, 2009

      c. Plaintiffs' reply to Defendants' opposition and opposition to defendants' cross motion for summary judgment: July 28, 2009

      d. Defendants' reply: August 7, 2009

7.     Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and if not, what if any changes should be made in the scope, form or timing of those disclosures.

Plaintiffs do not agree to dispense with the initial disclosures required by Fed. R. Civ. 26(a)(1). Defendants believe it should be dispensed with.

Plaintiffs believe that Rule 26(a)(1) disclosure should be made not later than October 1, 2008.

8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

(a) Plaintiffs consider that they may use interrogatories, requests for production of documents and requests for admissions and depositions.

(b) Plaintiffs propose the following timelines:

    Deadline for Rule 26(a)(1) disclosure: October 1, 2008.

(c) The parties agree to the following deadlines:

    (i)    Requests for Production of Documents : October 15, 2008

    (ii)    Responses: December 15, 2008

    (iii)    Submission of Interrogatories: January 15, 2009

    (iv)    Responses ; February 27, 2009

    (v)    Depositions, if any : April 17, 2009

    (vi)    Submission of Requests for Admissions: April 27, 2009

    (vii)    Responses to Requests for Admissions : May 13, 2009

    (v) Expiration of Non-Expert Discovery: May 15, 2009.

(c) Discovery Limits:

    Plaintiffs propose the limits set by Local Rule.

    Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed by May 15, 2009.

    b.    The number of interrogatories be limited to 25 per party.

    c.    The number of depositions to be limited to 5 per side.

    d.    The duration of each deposition to be limited pursuant to LCvR 26.2(c).

At this time, it does not appear that a protective order is necessary.

9.    Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

The parties agree that expert witness reports and information should be exchanged and expert discovery should occur as follows**:**

    a.    Plaintiff's Expert Report: April 17, 2009

    b.    Defendants' Expert Report: April 17, 2009

    c.    Close of Expert Discovery:   May 18, 2009

10.    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11.    Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.

The parties agree that bifurcation of the trial and/or discovery is not necessary at this time.

    12.    The date for the pretrial conference .

The parties agree that a pretrial conference should be set for 30 days after dispostive motions are decided...

    13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the pretrial conference.

The Court should set the trial date at the per-trial conference**.**

    14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None

Respectfully submitted,                                          Respectfully submitted,


_____/s/_____


Karen D. Alvarez
Attorney for Plaintiff
DC Bar No. 423186
202.333.8553
1442 Foxhall Road, N.W.
Washington, D.C. 20007


                                            PETER J. NICKLES
                                            Acting Attorney General for the
                                             District of Columbia

                                            GEORGE C. VALENTINE
                                            Deputy Attorney General
                                            Civil Litigation Division

                                             */s/ Edward P. Taptich*_____
                                            EDWARD P. TAPTICH (012914)
                                            Chief, Equity Section 2

                                             /s/  *Veronica A. Porter*_____
                                            VERONICA A. PORTER (412273)
                                            Assistant Attorney General
                                            441 4th St., N.W., Sixth Floor South
                                            Washington, D.C. 20001

(202) 724-6651; (202) 727-6295
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

6